22 253
49 1658

No. 2719.—In the Matter of the Minors M. M., William P., and Courtland Smith—John W. Smith, Tutor.

The omission to name a creditor in the citation of appeal from a judgment homologating a tutor's account will not vitiate the appeal.

If a judgment homologating the tutor's account, shows an indebtedness in favor of the minors with mortgage for $11,000 00, a third party has a right to appeal therefrom, if he has a judgment against the tutor with mortgage for over five hundred dollars. The parish court is competent to grant an order of appeal from a judgment homologating a tutor's account, although a similar judgment may have been rendered by the clerk of the district court, under the act of 1855, before the organization of the parish court. In such a case both judgments must be embodied in the record of appeal, and the parish judge is the only competent authority to grant the order.

An acknowledgment by the husband in the form of a receipt, that he received from the wife the amount of paraphernal funds therein expressed, is conclusive between the husband and wife or their heirs, and is *prima facie* proof as to all other parties. Such evidence will authorize a judgment in favor of the heirs in a suit against their father in his capacity of tutor.

The mortgage of the minor on the property of his tutor to secure the faithful administration of his estate, and to cover the indebtedness contracted by the tutor to the minor on account of the community and separate property of the minor, which he has acquired by purchase, attaches from and after the date of the appointment and qualification of the tutor.

A third party in an opposition to the homologation of a tutor's account can not be heard to contest the validity of an adjudication which occurred prior to the existence of his debt.

A tutor owes five per cent. per annum on the funds from the date of receipt, and when the accounts are liquidated, five per cent. on the aggregate amount from the day the accounts are closed.

If the tutor charge himself with the revenues of the minor, he is entitled to credit for the expenses of the minor to the extent of the revenues.

A third party, a mortgage creditor, can only have the judgment of the court below corrected on appeal, in so far as it appears upon the face of the record to grant a mortgage prejudicial to his mortgage. No amendment or change of the judgment can be made between appellees.

APPEAL from the Parish Court of West Feliciana. *Riley*, Parish Judge. *Collins & Leake*, for appellees. *Winter & Butler*, for appellants.

Howell, J. A motion is made to dismiss this appeal on the following grounds:

*First*—All parties interested in maintaining the judgment appealed from have not been legally cited; service on a curator *ad hoc* was unauthorized.

The appeal is taken by W. S. Peterkin, a third person, from a judgment homologating the tutor's account. One item of said account is for " expense of children seventeen years, at $50, $2550." Nothing shows to whom said expenses were paid, and a curator *ad hoc* was appointed to represent parties as unknown. Every one whose name

appears in the account is cited, including the tutor and undertutor. The omission to name a creditor in the above item can not destroy the right to appeal; but the account and record justify the inference that the item is an allowance to the natural tutor, and the appointment of a curator *ad hoc* may be viewed as made in abundance of caution.

*Second*—There is no evidence in the record or before this court showing the interest of Peterkin to be over five hundred dollars, hence the court is without jurisdiction.

The judgment appealed from allows the minors over $11,000, with mortgage. Peterkin files with his petition for appeal, a judgment for over $6000, with mortgage, against the father, who is tutor, and alleges that he is aggrieved by the judgment in favor of the minors against the said tutor. There is certainly an appealable interest shown here sufficient to confer jurisdiction on this court.

*Third*—The parish judge was without authority to grant an appeal from a judgment of homologation, rendered by the clerk of the district court under the act of 1855.

Judgment of homologation was first rendered by the clerk of the district court, and after the record was transferred to the parish court, another judgment, upon the same demand by the same parties, was granted. It was thus made necessary by the appellees, doubtless, or a part of them, for the appellant to bring up both judgments, if there was a necessity for the two below, and we are at a loss to know by what judge or court the appeal could be granted, if not by the court having jurisdiction of the cause and record.

The motion is therefore overruled.

### ON THE MERITS.

The appellant assigns for errors in the judgment, the following:

*First*—There is no proof, such as is required by law, to establish the claim of $4000, paraphernal property of Mrs. R. G. Smith, alleged to have been received by John W. Smith, tutor, and credited to his minor children in the account complained of.

The only proof in support of this item is the following entry in the inventory of Mrs. Smith's estate, made on the twenty-fifth of September, 1851:

"John W. Smith acknowledges to have received the sum of four thousand dollars, separate paraphernal funds of his said deceased wife, Rebecca G. Graves—$4000."

Appellant contends that "acknowledgments of the receipt of money by the husband from the wife, are not evidence against third persons, and a judgment rendered on them can have no more effect than the acknowledgments themselves;" and he cites 7 N. S. 461; 10 An. 784, and 11 An. 265.

This proposition is good in law, and supported by the authorities quoted. But it is applied in those and other similar cases to evidence-

adduced contradictorily with third persons, or where the husband or wife was called on to administer proof contradictorily with them, but not in a case like this, where the proof adduced was.between the parties or their heirs, and the question is, was it sufficient to sustain the judgment rendered? As between them, slight proof is sufficient. See 7 N. S. 461, above cited. The acknowledgment was made at a time not suspicious, is full proof between the parties, and must be held *prima facie* proof as to all, until in some regular proceeding, and under proper allegations, higher proof is demanded. On appeal, the only question in such a case as this is, does the evidence authorize the judgment? We think it does, although it may not be conclusive, if the judgment should be regularly attacked.

*Second*—If said indebtedness ever existed, it was not due by the said John W. Smith, as tutor of said minors, and hence the minors' mortgage does not attach.

The record shows that John W. Smith opened the succession of his deceased wife in 1851; caused an inventory to be made of her separate property and that of the community; that he caused the latter to be adjudicated to him, and was appointed tutor to the minors. As tutor he became possessed of all the property and rights shown by the record to have been inherited by the minors, and their mortgage attached from the date of his appointment as tutor. The price of the property adjudicated was specially secured by mortgage. This case differs from that of Woolfolk *v.* Woolfolk, 20 An. 513, in this, that Smith never administered in any other capacity than as tutor, while Mrs. Woolfolk administered only as executrix.

*Third*—Of the item of $3975, credited as half the price of the community property adjudicated to the tutor, the sum of $2850 consists of the price of slaves, and no liability therefor exists.

The judgment of adjudication by which this action is supported, having been rendered long prior to the origin of appellant's debt, he can not inquire into the validity thereof, and we will not go behind it to see the cause or consideration on which it is based. We are not called on to enforce a contract for the sale of persons, but only to ascertain if there be errors to the prejudice of the appellant, a third person, in a judgment homologating a tutor's account.

*Fourth*—The item of $6778 75, as interest, is not due. First—because the indebtedness had no existence; and second—If existent, the tutor is not bound for interest on the same.

A tutor must pay five per cent. on the funds, from their receipt; and when his accounts are liquidated, five per cent. on the aggregate amount from the day the accounts are closed. C. C. 353; 5 An. 565; 14 An. 764. This rule was pursued in this case.

*Fifth*—The item of $50 per annum each for expense of children is entirely inadequate; their revenues, if any ever existed, were entirely consumed by the expenses of their maintenance and education.

The grounds of this alleged error seem to neutralize each other. It appears to us that, if the tutor charges himself with the revenues, which in this case are interest, he should be allowed credit for the expense of the minors to the extent of said revenues. · He has not gone to this extent, but we have no means of saying that he should have done so, or that the sum allowed was inadequate to their support.

The *sixth* and *seventh* grounds of error consist of charges of fraud and collusion, said to be apparent from the failure to file an account at or since the time of Mrs. Smith's death, showing the condition of the community; the omission to mention debts due by the community at the time of its dissolution, and from the whole account, which, on its face, is an attempt to give the children an unjust preference upon the tutor's property, to the exclusion of appellant and other creditors.

As this is not a proceeding to annul a judgment, all that the appellant can demand or effect by his appeal is the correction of the judgment, in so far as it appears upon the face of the record to grant a mortgage prejudicial to his mortgage. We can not change the judgment as between the tutor and the minors, who are all appellants ; and we have already seen that the items of the account complained of are supported by at least *prima facie* evidence, and the mortgage recognized in favor of the minors is a legal sequence. The tutor could not give a conventional mortgage which would impair or affect the minor's mortgage securing the amount of his indebtedness to them. And it may be remarked that the majority of one or two of the children made the rendering of an account proper, if not necessary.

We find no sufficient reason for changing the judgment appealed from, in behalf of the appellant, who is a third person to the proceeding in which it was rendered

Judgment affirmed.